IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MJD MARKETING, INC.,
Plaintiff,

v.                                        Civil Action No. 11-cv-02842-AW

JOHN SIMON MCGRAIL, *et al.*,
Defendants.

*******************************************************************

**<u>Memorandum Opinion</u>**

Presently pending before the Court is Plaintiff's Motion for Default Judgment against Defendants John Simon McGrail ("McGrail"), Mansour Bendago ("Bendago"), and LaFontaine Cosmetic Surgery ("LaFontaine"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. No. 10. All Defendants were properly served and failed to plead or otherwise defend as directed in the Summons and as provided by the Federal Rules of Civil Procedure. The Clerk of the Court thereafter issued Orders of Default as to Defendants. *See* Doc. Nos. 11-13. The issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Court grants Plaintiff's Motion.

I.   **BACKGROUND**

Plaintiff MJD Marketing, Inc. creates brochures related to plastic surgery and other cosmetic procedures. Plaintiff has registered copyrights for each of its brochures, and each brochure includes a copyright notice and legend. Plaintiff sells its brochures to physicians and other medical personnel for their use and distribution. Plaintiff's customers sign an order form by

which they agree to pay a certain sum between $2,000 and $10,000 if they copy the content in such brochures or use the copied content in an unauthorized manner.[1]

Defendants McGrail and Bendago are principals of Defendant LaFontaine and have never purchased any goods or services from Plaintiff. Plaintiff alleges that Defendants reproduced the copyrighted text from seven of Plaintiff's brochures onto their website. Plaintiff alleges that Defendants removed Plaintiff's copyright legends and replaced them with untruthful legends by which Defendants claimed copyright to the text. Plaintiff alleges it gave written notice to Defendants by letter dated December 16, 2010, that the text on their website constituted an unlawful reproduction of Plaintiff's text. Plaintiff further alleges that it demanded Defendants' removal of the text, and that Defendants' continued use of that text was henceforth deliberate, calculated, intentional, and willful.

On October 4, 2011, Plaintiff brought this action for copyright infringement in violation of 17 U.S.C. § 501(a), seeking statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505. Additionally, Plaintiff is suing for unlawful removal of copyright notice in violation of 17 U.S.C. § 1202(b), for which it seeks statutory damages and attorneys' fees pursuant to 17 U.S.C. § 1203. Defendants not having filed a timely answer or responsive pleading, Plaintiff moved for entry of default and default judgment on January 19, 2012. The Clerk has entered default against all three Defendants. *See* Doc. Nos. 11-13. Now, Plaintiff seeks default judgment in its favor against each of the three Defendants, jointly and severally, in an amount of $87,500.

## II.   STANDARD OF REVIEW

---

[1] At the time of Plaintiff's Motion for Default Judgment, Plaintiff avers that current order forms provide for a sum of $3,000 for each brochure infringed upon.

Pursuant to Fed. R. Civ. P. 55(b)(1), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on the merits," *Dow*, 232 F. Supp. 2d at 494 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F. Supp. 2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages would exceed that amount. *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum."

*Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, at *3 (D. Md. Apr.16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

### III. ANALYSIS

Plaintiff alleges that Defendants violated both 17 U.S.C. § 501(a) and 17 U.S.C. § 1202(b) by knowingly reproducing Plaintiff's copyrighted text on its Website and by removing Plaintiff's copyright notice. For Defendants' copyright infringement, Plaintiff seeks damages of $70,000 pursuant to 17 U.S.C. §§ 504 and 505. Defendants infringed on seven of Plaintiff's brochures. Plaintiff reasons that its customers sign order forms agreeing to pay between $2,000 and $10,000 for each brochure they might infringe on, and although Defendants have never been customers of Plaintiff, it makes sense to hold them liable for the maximum $10,000 amount by which Plaintiff's customers have been bound. The Court finds the $70,000 amount requested by Plaintiff to be reasonable in light of the statutory language, which suggests that a court can award up to $30,000 per work infringed upon, or up to $150,000 if the infringement is willful. *Id.* at § 504(c)(1)-(2).

Additionally, Plaintiff seeks $17,500 for the unlawful removal of Plaintiff's copyright notice, pursuant to 17 U.S.C. § 1203. The statute entitles Plaintiff to an award of statutory damages between $2,500 and $25,000 for each violation. *Id.* at § 1203(c)(3)(B). Plaintiff seeks the minimum award of $2,500 for each of Defendants' seven violations. Again, the Court finds Plaintiff's request to be reasonable in light of the statutory language. The Court also notes that

Plaintiff has reduced its request from the $35,000 amount initially demanded in its Complaint, where it sought $5,000 per violation of 17 U.S.C. § 1202(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment will be granted and judgment will be entered in Plaintiff's favor in the total amount of $87,500 jointly and severally against Defendants McGrail, Bendago, and LaFontaine. A separate Order will follow.

January 24, 2012
Date

/s/
Alexander Williams, Jr.
United States District Judge